UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIE QIAO,<br><br>            Plaintiff,<br><br>    v.<br><br>PEOPLE'S REPUBLIC OF CHINA,<br><br>            Defendant. | Civil Action No.: 23-cv-603<br><br>**DECLARATION OF TIMES WANG REGARDING STATUS OF SERVICE ON DEFENDANT UNDER 28 U.S.C § 1608(a)** |

I, Times Wang, declare as follows:

1. I am a partner at the law firm North River Law PLLC. I am an attorney licensed to practice law in the District of Columbia and before this Court. The information below is based on my personal knowledge.

2. This declaration is being submitted to update the Court on Plaintiff's attempts to effect service on Defendant People's Republic of China under 28 U.S.C. § 1608, *i.e.*, the Foreign Sovereign Immunities Act. *See, e.g.*, Fed. R. Civ. P. 4(j)(1) ("A foreign state or its political subdivision, agency or instrumentality must be served in accordance with 28 U.S.C. § 1608.")

3. 28 U.S.C. § 1608(a) provides four methods through which service on a foreign sovereign state may be accomplished. The methods must be attempted in sequence; only if one method fails or is inapplicable may the next method be attempted.

4. The method described in § 1608(a)(1) is inapplicable, as there is no special arrangement for service between Plaintiff and the PRC.

5. The next method is the one described in §1608(a)(2), service in accordance with international conventions regarding service, does apply, as both the United States and the PRC are parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, commonly referred to as the Hague Service

Convention.

6.  In 2019, the PRC Ministry of Justice's International Legal Cooperation Center ("ILCC") launched an "Online Submission System" available at www.ilcc.online. Sometime thereafter, the ILCC published a document that "strongly recommended" that Hague Service Convention requests be submitted online through that system, and that discouraged the sending of "hard copies" by post. Attached as Exhibit A is a true and correct copy of that document.

7.  On April 6, 2023, my office followed that document's guidance, and requested service under the Hague Service Convention, by submitting the summons and complaint, as well as Chinese translations thereof, to the ILCC, using the online submission system. Plaintiff's request is now marked as "Under Review" in that system. Attached as Exhibit B is a true and correct copy of a screenshot displaying the status of Plaintiff's request as of April 17, 2023. The status has not changed as of the date of this declaration.

8.  However, before commencing Plaintiff's submission request, a prompt appeared on the ILCC system, a true and correct copy of which is attached as Exhibit C. The prompt's language is confusing as to whether and under what circumstances "original documents" must be delivered to the ILCC. One reading of the prompt is that such is required only if U.S. law so requires. Another reading is that such is required regardless of whether U.S. law so requires, but only after Plaintiff's initial request "passes the preliminary review," at which point Plaintiff would have to "print out the page showing the case number and review results," which would have to be sent to the ILCC along with "the original documents." *See* Ex. C.

9.  The first reading seems the better reading, as the PRC Ministry of Justice has explicitly said, including in Exhibit A, that one of the main purposes of the ILCC website is to make service in the PRC under the Hague Service Convention easier, and to avoid the unnecessary sending of hard copies. Indeed, the prompt itself begins by saying that submitting a

request through the ILCC website "indicates that you accept the use of scanned copies of relevant judicial documents when China executes the request." *See* Ex. C. If that reading is correct, Plaintiff is only required to submit "scanned copies" of the judicial documents, as U.S. law would seem to permit service of true and correct copies the documents being served. Plaintiff has already submitted such copies through the ILCC system, so Plaintiff would not be required to submit "original documents," under any circumstances.

10. Nevertheless, in an abundance of caution, and given the uncertainty, Plaintiff intends to submit the original documents, if and when the ILCC website indicates Plaintiff's request has passed the preliminary review, to the address set forth in the prompt:

> International Legal Cooperation Center
> Ministry of Justice of China
> No. 33, Pinganli West Ave.
> Xicheng District
> BEIJING 100035
> People's Republic of China

11. According to the website of the Hague Conference on Private International Law dealing with the PRC's approach to the Hague Service Convention, available at https://www.hcch.net/en/states/authorities/details3/?aid=243, it takes "[a]round 6 months" for the PRC to execute a request.

12. That said, given that the PRC is itself the entity upon which service is requested, and given the politicized nature of the PRC legal system, it seems possible, even probable, that Plaintiff's request will be dealt with in an irregular fashion, and may be rejected or met with silence by the ILCC for political reasons.

13. In all events, Plaintiff will continue to update the Court on Plaintiff's service attempts on the Defendant.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: April 27, 2023                         <u>*/s/ Times Wang*</u>
                                                                      Times Wang