**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JIE QIAO,

              Plaintiff,

    v.

PEOPLE'S REPUBLIC OF CHINA,

              Defendant.

Civil Action No.: 23-cv-603

Judge Amir H. Ali

**PLAINTIFF'S OPPOSITION TO CSIL'S MOTION FOR LEAVE
TO FILE AMICUS BRIEF**

After years of silence that can only be interpreted as a deliberate choice by the People's Republic of China to not mount a defense, Plaintiff Jie Qiao filed her motion for default judgment. Dkt. 31. Five days later, the Chinese Society of International Law filed what is effectively an opposition to that motion, in the guise of a proposed amicus brief. Dkt. 33. The Court should deny CSIL permission to file that brief because CSIL is controlled by the PRC and the ruling Chinese Communist Party—CSIL's charter requires it to "uphold[] the overall leadership of the Communist Party of China" and to "accept[] the . . . supervision and administration of . . . the Ministry of Foreign Affairs of the People's Republic of China." Exs. 1 and 1A.[1] As such, CSIL's proposed brief is little more than the PRC trying to have it both ways—it does not want to participate in this litigation, but it wants to mount a defense. The Court should not abide such gamesmanship—if the PRC wants to mount a defense, it should do so itself.

---

[1] Citations to "Ex. __" are to exhibits attached to the contemporaneously filed Declaration of Times Wang. Pin cites to ECF filings are to the ECF pagination.

Indeed, Local Civil Rule 7(o)(2) required CSIL to, among other things, "set forth the reasons why . . . the movant's position is not adequately represented by a party." CSIL's motion conspicuously fails to do so, because CSIL has no position independent of the PRC, and that position is not represented by the PRC because the PRC has chosen not to appear.

The impropriety of CSIL's motion is further confirmed by the manner and timing of its filing, which also violate the local rules. CSIL's counsel failed to comply with Local Civil Rule 7(m) by failing to discuss the anticipated motion with Ms. Qiao's counsel. No wonder, then, that the motion failed to "state the position of each party as to the filing of such a brief," as required by Local Civil Rule 7(o)(2). More egregiously, despite admitting that it "has been closely following this case," Dkt. 33 at 2, such that it could have filed its motion years earlier, CSIL's motion comes only after Ms. Qiao moved for default judgment. That is not the behavior of an independent academic institution aiming to be a true friend of the court. It is the behavior of a partisan and frankly underhanded advocate seeking to disrupt the fair and orderly administration of justice—and it does not comply with Local Civil Rule 7(o)(2)'s requirement that an amicus motion must "be filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter."

Even if CSIL were independent of the PRC—and it cannot credibly so claim, given the foregoing, and especially given its charter[2]—its motion should be denied for substantially the same reasons. CSIL comes not as a true amicus in the sense either of a third party seeking to protect its own interests, or in the sense of a friend of the court seeking to provide dispassionate assistance to the Court. Instead, CSIL is seeking to protect the interests of the PRC. And while it

---

[2] Notably, sometime in the last year or so, CSIL appears to have made its charter inaccessible—perhaps in anticipation of this motion. Fortunately, counsel was able to find a recently archived copy.

is true the PRC is unrepresented, which courts sometimes consider when evaluating amicus motions, the PRC's unrepresented status is the PRC's deliberate choice. Meanwhile, Congress has already accounted for concerns arising from such a choice—including foreign affairs concerns—in the fact and design of the FSIA itself, including the requirement that the Court cannot enter default judgment against the PRC unless "the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). And while CSIL appears intent on *arguing* that evidence to the Court on the PRC's behalf, allowing it to do so, when the PRC's failure to appear has deprived Ms. Qiao of the benefit of discovery, would be deeply unfair.

For these reasons and those below, CSIL's motion should be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Ms. Qiao filed this lawsuit under the Foreign Sovereign Immunities Act in March 2023. Dkt. 1. Over the next several years, she strictly complied with the FSIA's mandatory service procedures, ultimately effecting service on the PRC through diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). Despite receiving proper service and despite being given the time prescribed by statute to respond, the PRC elected not to appear, answer, or otherwise defend this action. The clerk thus entered default pursuant to Federal Rule of Civil Procedure 55(a), and the sole matter now before the Court is whether Ms. Qiao has established her entitlement to default judgment under Rule 55(b) and 28 U.S.C. § 1608(e).

Only after the PRC elected not to participate, default was entered, and Ms. Qiao filed her motion for default judgment did CSIL seek leave to appear as amicus curiae. But its proposed submission reads less like an amicus brief and more like what the PRC itself would file had it

chosen to appear. Indeed, it is not even limited to legal arguments, and purports to make a point-by-point rebuttal of Ms. Qiao's evidence. *E.g.*, Dkt. 33-2 at 13-19.[3]

That is unsurprising. Article 4 of CSIL's charter requires it to "uphold[] the overall leadership of the Communist Party of China." Exs. 1 and 1A. Article 4 also requires it to "establish[] an organization of the Communist Party of China" within CSIL itself; to "carr[y] out Party activities"; and to "provide[] the necessary conditions for the activities of the Party organization." *Id.* Meanwhile, Article 5 requires it to "accept[] the . . . supervision of . . . the Ministry of Foreign Affairs of the People's Republic of China."[4] *Id.*

As for the PRC Ministry of Foreign Affairs, it routinely participates in CSIL events, and publicizes that participation on its website. *E.g.*, Ex. 2. And it too describes CSIL as operating "under the leadership of the Ministry of Foreign Affairs." *Id.* at 2.

## II.     ARGUMENT

### A.     CSIL is not a proper amicus curiae.

"When the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied." *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993); *see also, e.g.*, *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (denying amicus motion because, "[r]ather than seeking to come as a 'friend of the court' and provide the court

---

[3] Ms. Qiao does not engage here with the proposed brief's substantive arguments, other than to observe that CSIL and its lawyers have apparently not bothered to watch the extremely damning video evidence. Should the Court grant CSIL's motion, Ms. Qiao would request an opportunity to respond substantively.

[4] The PRC is a Leninist country in which the party and the state are fused. *E.g.*, Congressional Research Service, "China Primer: China's Political System," Apr. 27, 2026, *available at* https://www.congress.gov/crs-product/IF12505 (last accessed July 23, 2026) ("The PRC is a Leninist 'party-state.' The Communist Party of China (CPC), also known as the Chinese Communist Party (CCP), is China's dominant political institution. . . . The Party tasks the government with administration. Interlocking Party and government hierarchies extend down to the level of small towns, with the Party leader at every level outranking his [or occasionally her] government counterpart.").

with an objective, dispassionate, neutral discussion of the issues, it is apparent that the NYCLU has come as an advocate for one side").

Here, CSIL does not even try to be anything but an advocate for the PRC. Its proposed amicus brief is indistinguishable from an opposition brief that the PRC would itself file. That is unsurprising, given that, as shown above, it is by charter legally and functionally part of the PRC itself, and is controlled by the PRC in that it is "supervised" and "led" by the PRC Ministry of Foreign Affairs. And whatever the merits of that structure and outlook for the purposes of the PRC's domestic governance, it is fatal to the notion that CSIL should be permitted to act as an amicus when the PRC itself has chosen to default. Because CSIL's proposed submission seeks nothing more than to present defenses that the PRC has chosen to abandon, and not to give the Court broader context or to explain how its ruling might affect CSIL's separate and independent interests, its motion should be denied as inconsistent with the proper role of an amicus curiae.

### B. CSIL's motion fails to satisfy the Local Civil Rules and is procedurally improper.

Local Civil Rule 7(o) places the burden on a proposed amicus curiae to demonstrate that leave to file is warranted. The Rule requires the movant to explain: "(1) the nature of the movant's interest; (2) the party or parties supported; (3) why an amicus brief is desirable; (4) why the movant's position is not adequately represented by a party; (5) why the matters asserted are relevant to the disposition of the case; and (6) that the motion was filed in a timely manner so as not to unduly delay the Court's ability to rule on any pending matter." CSIL has failed to satisfy several of these mandatory requirements.

First, CSIL has not explained why its position is not adequately represented by a party, as required by Local Civil Rule 7(o). Instead, it simply states that it seeks leave to file a brief "in support of the defendant." Dkt. 33 at 1. But the defendant whose interests CSIL seeks to advance

5

is the PRC itself. CSIL does not contend that the PRC is legally incompetent, unable to appear, legally precluded from defending this action, or otherwise lacks the ability to present the arguments contained in the proposed brief. Nor could it. The PRC was properly served pursuant to 28 U.S.C. § 1608(a)(4) and had every opportunity to appear, answer the complaint, oppose Ms. Qiao's motion for default judgment, and assert each of the jurisdictional and merits arguments that CSIL now seeks to present.

Instead, the PRC elected not to participate, default was entered, and Ms. Qiao's motion is now pending. Rule 7(o) does not permit a proposed amicus to satisfy the inadequate-representation requirement merely by stepping into the shoes of a party that voluntarily chose not to defend the case. CSIL therefore has not satisfied this requirement of the Rule.

Second, CSIL has not demonstrated why its proposed brief is procedurally desirable. This Court is already obligated to determine independently whether it has subject-matter jurisdiction under the Foreign Sovereign Immunities Act and whether Ms. Qiao has established her claim by evidence satisfactory to the Court before entering default judgment under 28 U.S.C. § 1608(e). Ms. Qiao's motion is supported by sworn declarations, expert testimony, documentary evidence, medical records, photographs, and contemporaneous video evidence addressing both jurisdiction and liability. CSIL neither identifies nor tenders any unique factual information, specialized expertise, or controlling legal authority that would assist the Court beyond the record already before it. Instead, its proposed submission merely argues against Ms. Qiao's motion by advancing jurisdictional and merits arguments the PRC chose not to present.

Third, CSIL has failed to demonstrate that its motion was filed "in a timely manner," as expressly required by Rule 7(o). Although CSIL represents that it has "been closely following this case" because of its perceived significance, it waited until after service had been perfected

6

through diplomatic channels, the clerk entered default, and Ms. Qiao filed her motion for default judgment before seeking leave to participate. Permitting CSIL to inject comprehensive adversarial briefing after default has been entered would unnecessarily delay resolution of the pending motion, undermine the orderly progression of the proceedings, and effectively allow a defaulting sovereign to obtain the benefits of litigation without assuming the obligations of a party. Rule 7(o)'s timeliness requirement exists to prevent this type of disruption.

Finally, CSIL failed to comply with another express requirement of Local Civil Rule 7(o). The Rule provides that "[t]he motion shall state the position of each party as to the filing of such a brief . . . ." CSIL's motion does not do so. It identifies neither Ms. Qiao's position nor the PRC's position regarding the requested relief. Indeed, counsel did not seek Ms. Qiao's position before filing the motion, in violation of Local Civil Rule 7(m).

## III.    CONCLUSION

CSIL's motion should be denied.

Dated: July 23, 2026                                Respectfully submitted,

                                                    */s/ Times Wang*
                                                    **FARRA & WANG PLLC**
                                                    Times Wang (D.C. Bar 1025389)
                                                    1543 Champa St., Suite 400
                                                    Denver, CO 80202
                                                    (202) 505-6227
                                                    twang@farrawang.com

                                                    **BTW LEGAL**
                                                    Yun "Owen" Wang
                                                    999 18th St., Suite 3000
                                                    Denver, CO 80202
                                                    (303) 386-7125
                                                    ywang@btwlegal.com

                                                    *Counsel for Plaintiff*

7